```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
JUSTIN NIXON,
                                              MEMORANDUM & ORDER
                        Plaintiff,            20-CV-1819(JS)(SIL)

        -against-

INQUISITR LTD.,

                        Defendant.
--------------------------------------X

APPEARANCES
For Plaintiff:        Richard Liebowitz, Esq.
                      Liebowitz Law Firm, PLLC
                      11 Sunrise Plaza, Suite 305
                      Valley Stream, New York 11580

                      James H. Freeman, Esq.
                      Liebowitz Law Firm, PLLC
                      1333A North Avenue, Suite 762
                      New Rochelle, New York 10804

For Defendant:        Nolan Keith Klein, Esq.
                      Law Offices of Nolan Klein, P.A.
                      5550 Glades Road, Suite 500
                      Boca Raton, Florida 33431
```

SEYBERT, District Judge:

Plaintiff Justin Nixon ("Plaintiff") commenced this action against defendant Inquisitr Ltd. ("Defendant" or "Inquisitr") asserting a claim for copyright infringement under the Copyright Act, 17 U.S.C. § 101. Pending before the Court is Defendant's motion to dismiss based on a lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Mot., ECF No. 19.) Plaintiff opposes the motion and requests the opportunity to conduct jurisdictional discovery. (Pl. Opp., ECF

No. 20.) For the reasons set forth below, Plaintiff's request for limited discovery is denied and Defendant's Motion is GRANTED.

BACKGROUND[1]

I. Factual History

Plaintiff is a professional photographer with a usual place of business located at 806 Fig Tree Lane, Brandon, Florida 33511. (Am. Compl. ¶ 5, ECF No. 13.) Plaintiff took a photograph of the rapper Lil Wayne (the "Photograph") and registered it with the United States Copyright Office. (Id. ¶¶ 15-17.) The Photograph's Copyright Registration Number is VA 2-180-735, and Plaintiff is the sole owner of the Photograph. (Id. ¶¶ 16-17.)

Defendant owns and operates the website www.inquisitr.com (the "Website"). (Am. Compl. ¶ 8.) On December 19, 2017, Defendant published an article (the "Article") on its Website entitled Rick Ross Questions Birdman's Net Worth After Cash Money Boss Defaults On $12 Million Loan. (Id. ¶ 18.) Embedded in the Article was an Instagram link that displayed the Photograph. (Ex. C, ECF No. 13-3, attached to Am. Compl.) The Article featured the Photograph, though Defendant did not license or obtain permission from Plaintiff to publish the Photograph on the Website. (Id. ¶ 19.)

---

[1] The following facts are drawn from the Amended Complaint and the parties' submissions.

2

Plaintiff alleges, upon information and belief, that this Court has personal jurisdiction over Defendant "because Defendant resides and/or transacts business in New York." (Am. Compl. ¶ 3.) He makes the following allegations regarding jurisdiction:

- The Website uses the English language and a ".com" domain name "(which is based in the United States)" (Am. Compl. ¶ 10);

- Defendant "publishes news content that is directed to audiences within this State and Judicial District" on such topics as "Jennifer Lopez, Rush Limbaugh, Hailey Baldwin, the NBA, and WWE -- all of which are United States-based celebrities and organizations," (id. ¶ 11); and

- Defendant "has previously been sued within this Judicial District and has resolved such disputes" (id. ¶ 14).

The Amended Complaint further contains allegations, all made upon information and belief, that:

- Defendant maintains its principal place of business in Brooklyn, New York. (Am. Compl. ¶ 6.) In support of this allegation, Plaintiff attaches a screenshot from the website glassdoor.com indicating that Inquisitr's Headquarters is in Brooklyn, New York. (Id., Ex. A.)

- Defendant's Chief Executive Officer, Dominick Miserandino ("Miserandino"), resides in Oceanside, New York. (Id. ¶ 7.)

- Defendant "employed and/or contracted with individuals who reside within this Judicial District for the purpose of operating,

3

> managing, and supervising the photographic content uploaded to the Website, including the infringing content at issue in this case." (Id. ¶ 9.);
>
> - Defendant "received a financial benefit attributable to the infringing activity described herein as a result of transacting business in this State and within this Judicial District." (Id. ¶ 12.) and
>
> - Defendant's primary server is located in New York. (Id. ¶ 13.)

## II. Procedural History

Plaintiff commenced this action on April 15, 2020, stating a single claim of copyright infringement under 17 U.S.C. §§ 106 and 501. After being served with a motion to dismiss by Defendant, on June 16, 2020 (see ECF No. 9), Plaintiff filed the Amended Complaint, which added the jurisdictional allegations set forth above.[2] Currently before the Court is Defendant's motion to dismiss the Amended Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

---

[2] By Order dated June 26, 2020, a court in the Southern District of New York, in another copyright infringement case, imposed sanctions against Plaintiff's counsel Richard Liebowitz and also ordered him to file a copy of that Order in all currently pending cases. See Usherson v. Bandshell Artist Mgmt., No. 19-CV-6368, 2020 WL 3483661, at *2 (S.D.N.Y. June 26, 2020), aff'd sub nom. Liebowitz v. Bandshell Artist Mgmt., No. 20-2304-CV, 2021 WL 3118938, at *1 (2d Cir. July 23, 2021). Mr. Liebowitz has complied with that directive in this case. (See ECF No. 16.)

4

In support of its motion, Defendant has provided an affidavit from Daniel Treisman, the "Director and owner" of Inquisitr, by which Defendant contends that it is an Israeli limited company, incorporated in Israel without any real estate, offices, mailing addresses, telephone numbers or bank accounts in the State of New York. (Treisman Aff., ECF No. 19-3.) In response, Plaintiff argues that jurisdictional discovery is warranted to show whether Defendant has substantial ties with employees and/or third-party contractors in New York.

## LEGAL STANDARDS

I. Rule 12(b)(2)

To survive a motion to dismiss at the pleading stage "for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 167-68 (2d Cir. 2015) (citation omitted); see also Penguin Grp. (USA) Inc. v. Am. Buddha ("Penguin I"), 609 F.3d 30, 35 (2d Cir. 2010) ("A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." (citation omitted)). "A prima facie showing of jurisdiction does not mean that plaintiff must show only some evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction." Tamam v. Fransabank Sal, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010)

5

(internal quotation marks and citation omitted). As a result, "a complaint will survive a motion to dismiss for want of personal jurisdiction so long as its allegations, taken as true, are 'legally sufficient allegations of jurisdiction.'" Troma Ent., Inc. v. Centennial Pictures Inc., 729 F.3d 215, 217 (2d Cir. 2013) (quoting Penguin I, 609 F.3d at 35).

"In evaluating whether the requisite showing has been made, the Court must construe the pleadings and any supporting materials in the light most favorable to the plaintiffs." Hillel v. Obvio Health USA, Inc., No. 20-CV-4647, 2021 WL 229967, at *3 (S.D.N.Y. Jan. 21, 2021) (internal quotation marks and citation omitted). "The Court will not, however, 'draw argumentative inferences in the plaintiff's favor' or 'accept as true a legal conclusion couched as a factual allegation.'" Id. (quoting In re Terrorist Attacks on Sept. 11, 2001, 714 F.3d 659, 673 (2d Cir. 2013); see also Bracken v. MH Pillars Inc., No. 15-CV-7302, 2016 WL 7496735, at *2 (S.D.N.Y. Dec. 29, 2016)("conclusory non-fact-specific jurisdictional allegations or a legal conclusion couched as a factual allegation will not establish a prima facie showing of jurisdiction" (citation omitted)).

Under the plausibility standard in civil cases,[3] a plaintiff is not prevented from pleading facts upon information

---

[3] See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

6

and belief "where the facts are peculiarly within the possession and control of the defendant," or "where the belief is based on factual information that makes the inference of culpability plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (citations omitted). "However, even in those circumstances, the plaintiff still bears the burden of alleging the facts upon which her or his belief is founded." Minnie Rose LLC v. Yu, 169 F. Supp. 3d 504, 517 (S.D.N.Y. 2016) (internal quotation marks, alteration, and citation omitted); see also Guo Jin v. EBI, Inc., No. 05-CV-4201, 2008 WL 896192, at *2 (E.D.N.Y. Mar. 31, 2008) ("Conclusory allegations showing the presence of jurisdiction, particularly those stated only upon 'information and belief,' are insufficient to establish that the court has personal jurisdiction over the defendant." (internal quotation marks and citation omitted)).

A determination that a court has personal jurisdiction over a defendant requires two findings. First, the court must determine whether the laws of New York provide for jurisdiction. If they do, then the court must determine whether the exercise of jurisdiction comports with the federal requirements of due process. See Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163-64 (2d Cir. 2010).

When addressing the question of jurisdiction, the Court may consider matters beyond the face of the complaint. See Lugones

7

v. Pete & Gerry's Organic, LLC, 440 F. Supp. 3d 226, 234 (S.D.N.Y. 2020) ("Where a court does not hold an evidentiary hearing on the jurisdictional question, it may, nevertheless, consider matters outside the pleadings." (citation omitted)). In this context, the court "has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 84 (2d Cir. 2013) (citation omitted).

II. Personal Jurisdiction in New York

Plaintiff suggests that Defendant is amenable to jurisdiction under sections 301 and 302(a)(1) of New York's Civil Practice Law and Rules ("CPLR"). Under section 301, "a court in New York may exercise general jurisdiction over an out-of-state defendant if the defendant 'engaged in continuous, permanent, and substantial activity in New York.'" George Moundreas & Co SA v. Jinhai Intelligent Mfg. Co., No. 20-CV-2626, 2021 WL 168930, at *4 (S.D.N.Y. Jan. 18, 2021) (quoting Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 95 (2d Cir. 2000)). "The paradigmatic forums where a corporate defendant is essentially at home are 'where it is incorporated' and where it 'has its principal place of business.'" Kerman v. InterContinental Hotels Grp. Res. LLC, No. 20-CV-1085, 2021 WL 930253, at *5 (E.D.N.Y. Mar. 11, 2021) (quoting Daimler AG v. Bauman, 571 U.S. 117, 137 (2014)). "[G]eneral

8

jurisdiction extends beyond an entity's state of incorporation and principal place of business only in the exceptional case where its contacts with another forum are so substantial as to render it 'at home' in that state." Sonera Holding B.V. v. Cukurova Holding A.S., 750 F.3d 221, 223 (2d Cir. 2014).

New York's long arm statute allows a New York court to exercise specific personal jurisdiction over any non-domiciliary who, inter alia, "transacts any business within the state or contracts anywhere to supply goods or services in the state. . . ." See N.Y. C.P.L.R. § 302(a)(1).[4] "To determine the existence of jurisdiction under section 302(a)(1), a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007). A party's "[p]urposeful availment is the overriding criterion necessary to establish personal jurisdiction pursuant to § 302(a)(1), and requires more than random, fortuitous, or attenuated contacts." Philpot v. Kos Media LLC, No. 16-CV-1523, 2017 WL 2270248, at *9 (S.D.N.Y. Apr. 21, 2017) (internal

---

[4] Plaintiff does not invoke section 302(a)(3), which, in copyright infringement cases, would allow a court to exercise personal jurisdiction over a non-domiciliary defendant only where the copyright holder is located in New York. See Penguin Grp. (USA) Inc. v. Am. Buddha, 16 N.Y.3d 295, 302, 946 N.E.2d 159, 921 N.Y.S.2d 171 (N.Y. 2011).

9

quotation marks and citation omitted), report and recommendation adopted, 2017 WL 2269531 (S.D.N.Y. May 23, 2017).

## DISCUSSION

I. General Jurisdiction under New York law

In asserting general jurisdiction over Defendant under section 301, Plaintiff alleges, upon information and belief, that Defendant's principal place of business is in Brooklyn, New York, an allegation that relies upon a webpage from the website glassdoor.com indicating that Inquisitr's "Headquarters" is in Brooklyn, New York. (Ex. A, ECF No. 13-1. attached to Am. Compl.) Defendant has submitted Treisman's sworn affidavit stating that Inquisitr is an Israeli limited company incorporated in Israel, and that he does not operate an office, maintain a mailing address or phone number, or have any bank accounts in the United States, including in New York. (Treisman Aff. ¶ 3.)

The Glassdoor website submitted by Plaintiff constitutes hearsay and is not admissible as support for his claim. See, e.g., Miami Prods. & Chem. Co. v. Olin Corp., 449 F. Supp. 3d 136, 179 (W.D.N.Y. 2020) ("[D]ocuments from the third-party website submitted by Plaintiffs are inadmissible hearsay, and [the Court] does not consider them for purposes of the personal jurisdiction analysis."); DeLorenzo v. Ricketts & Assocs., Ltd., No. 15-CV-2506, 2017 WL 4277177, at *7 n.13 (S.D.N.Y. Sept. 25, 2017) ("Plaintiff may not rely on a LinkedIn profile to establish

jurisdiction, as such an online profile is hearsay and does not qualify as admissible evidence."), aff'd sub nom. DeLorenzo v. Viceroy Hotel Grp., LLC, 757 F. App'x 6 (2d Cir. 2018). Plaintiff has alleged no facts to support a plausible inference that Defendant is "at home" in New York, nor has he provided any admissible evidence to rebut Treisman's affidavit. Thus, Plaintiff's assertion that Defendant's principal place of business is in Brooklyn, New York is a legal conclusion couched as a factual allegation and does not make a prima facie showing that general jurisdiction exists.

II. Specific Jurisdiction under New York law

Plaintiff also contends that this Court has specific jurisdiction over the Defendant pursuant to section 302(a)(1). The first prong of that statute requires that the out-of-state defendant either transact business within New York or contract to supply goods or services in the state.

Where a non-domiciliary is sued in New York based on its operation of a website, specific inquiries are warranted. "Because websites are generally speaking, equally accessible everywhere, the mere availability of the site to users in New York, standing alone, does not amount to transacting business in the state for purposes of section 302(a)." Royalty Network Inc. v. Dishant.com, LLC, 638 F Supp. 2d 410, 418 (S.D.N.Y. 2009) (internal quotation marks and citation omitted). "When analyzing whether a defendant's

11

internet activity rises to the level of purposeful activity sufficient to satisfy Section 302(a)(1), courts apply a 'sliding scale' test based on the level of a website's interactivity." Audiovox Corp. v. S. China Enter., Inc., No. 11-CV-5142, 2012 WL 3061518, at *3 (E.D.N.Y. July 26, 2012). Accordingly, the issue is where a particular website lies on the "spectrum of interactivity," Royalty Network, 638 F. Supp. 2d at 418, ranging from passive websites "which merely make information available to viewers," Philpot, 2017 WL 2270248, at *10, to fully interactive websites, "which are used to purposefully sell goods or services in New York, or charge membership fees to registered users in New York." Id.

The Amended Complaint is devoid of any plausible allegation that moves Inquisitr's website anywhere beyond "passive" on the spectrum. Plaintiff alleges that the Website provides news content to its viewers, including those in New York. (Am. Compl. ¶ 11.). Such passive websites have "been analogized to an advertisement in a nationally-available magazine or newspaper, and [do] not without more justify the exercise of jurisdiction over the defendant." Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000).

Beyond the conclusory and unsupported allegation that, upon information and belief, Defendant "received a financial benefit attributable to the infringing activity" (Am. Comp. ¶ 12),

12

there is no suggestion of any commercial activity conducted through the Website.  Plaintiff does not allege that Inquisitr's viewers are required to pay to access the content or that they can purchase goods or services via the Website.  A website that merely provides information does not purposefully avail itself of the privilege of conducting business activities in the state.  See, e.g., ISI Brands, Inc. v. KCC Int'l, Inc., 458 F. Supp. 2d 81, 86 (E.D.N.Y. 2006) ("Internet websites that are not of a commercial nature and do not permit the purchase of products on-line are not sufficient to confer personal jurisdiction pursuant to section 302(a)(1)."); Aqua Prods., Inc. v. Smartpool, Inc., No. 04-CV-5492, 2005 WL 1994013, at *5 (S.D.N.Y. Aug. 18, 2005) ("Passive websites which primarily make information available to viewers, but do not permit an exchange of information, fail to justify the exercise specific jurisdiction over a non-domiciliary.").  Even a broad reading of the allegation construing "financial benefit" to mean "commercial" activity is unavailing in light of the complete lack of any factual support rendering the allegation plausible.  See Savage Universal Corp. v. Grazier Constr., Inc., No. 04-CV-1089, 2004 WL 1824102, at *9 (S.D.N.Y. Aug. 13, 2004) ("It stretches the meaning of 'transacting business' to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in

that state, without some evidence or allegation that commercial activity in that state actually occurred.").

Plaintiff points to other allegations that he claims support a prima facie showing that Defendant transacted business in New York. He clearly relies upon Defendant's relationship with Miserandino, a New York resident, to suggest that Defendant transacts business in the state, but his allegation and arguments are inadequate to the task. The allegation in the Amended Complaint, made upon information and belief, simply identifies Miserandino as Inquisitr's Chief Executive Officer without any factual basis for that belief. (See Am. Compl. ¶ 7.) Plaintiff in his opposition papers again fails to articulate any basis for this allegation; to the contrary, those papers walk back the allegation in the Amended Complaint, describing Miserandino only as a "senior-level executive." (Pl. Opp. at 7.)

Defendant states that Miserandino is not an employee or owner of Inquisitr, but rather works for Dysleximedia, LLC ("Dysleximedia"), a third-party contractor of Inquisitr's. (Treisman Aff. ¶ 4.) Plaintiff has seized upon Treisman's statement that Inquisitr contracted with Dysleximedia "to provide a number of services including operational and executive support service" (id.) and jumps to the conclusion that the contract was "to upload photographic content to the Website within this Judicial District." (Pl. Opp. at 13.) Plaintiff presents no basis for

14

this inference, and "[t]he mere fact that a defendant purchases goods or services from New York does not mean that it is doing business here." Arbitron Co. v. E.W. Scripps, Inc., 559 F. Supp. 400, 403 (S.D.N.Y. 1983); see also Frummer v. Hilton Hotels Int'l, Inc., 19 N.Y.2d 533, 537, 281 N.Y.S.2d 41, 227 N.E.2d 533 (1967) (jurisdiction may be established through an agent if the agent "does all the business which [Defendant] could do were it here by its own officials.")).

Even assuming arguendo that Plaintiff had successfully alleged that Inquisitr transacted business in New York, either through the allegations regarding Defendant's financial gain or by Dysleximedia's performance of services for Defendant in New York, the Amended Complaint fails to satisfy the second prong for specific jurisdiction under section 302(a)(1) -- that the specific cause of action asserted arose out of the party's transaction of business in New York. In other words, Plaintiff must plausibly allege that the infringing publication of the Photograph took place in New York, involved Defendant's personnel in New York, or "otherwise arose out of any of its activities in New York." Philpot, 2017 WL 2270248, at *9. He has failed to meet that burden.

Plaintiff alleges two facts regarding Defendant's alleged infringement: (1) that Defendant ran an article on its Website that featured the Photograph (Am. Compl. ¶ 18) and (2) that

15

Defendant did not license the Photograph from Plaintiff, nor did it have his permission or consent to publish it (id. ¶ 19). He does not plausibly claim that the infringing conduct occurred in New York, but rather makes the conclusory allegation that "the operative facts which form the basis of Plaintiffs claim from [sic] copyright infringement occurred in the State of New York." (Id. ¶ 20.) Plaintiff again fails to provide any hint whatsoever regarding the source of his "information and belief" offered in support of this allegation.

In opposition to the motion, Plaintiff argues that Defendant "employed and/or contracted" with unspecified individuals in this District "for the purpose of operating, managing, and supervising the photographic content uploaded to the Website, including the infringing content at issue in this case." (Pl. Opp. at 7-8 (citing Am. Compl. ¶ 9.)) Again, he gives no factual support or context for this statement. Absent factual information that makes the inference of culpability plausible, his suggestion that the Photograph was uploaded from New York is insufficient to satisfy Plaintiff's burden.

Moreover, even assuming that one of Dysleximedia's "operational" services was the uploading of material to the Website, that company's relationship with Inquisitr did not begin until March 2018, a few months after the publication of the Photograph that forms the basis of Plaintiff's claim. (See

16

Treisman Aff. ¶ 4.) Thus, Dysleximedia employees could not have been involved with the particular transaction at issue here and the second prong of section 302(a)(1) is not satisfied.

After construing the record in the light most favorable to Plaintiff, the Court finds that he has not made the requisite prima facie showing of either general or specific personal jurisdiction over Defendant.[5]

### III. Plaintiff's Request for Jurisdictional Discovery

In this Circuit, it is well settled that "even where plaintiff has not made a prima facie showing of personal jurisdiction, a court may still order discovery, in its discretion, when it concludes that the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record." Leon v. Shmukler, 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014) (citations omitted). Jurisdictional discovery is warranted only "where the plaintiff has made a threshold showing that there is some basis for the assertion of jurisdiction[,] facts that would support a colorable claim of jurisdiction." Id. at 195 (internal quotation marks and citation omitted; alteration in original); see

---

[5] As the Court finds that there is no specific jurisdiction under New York law on the facts alleged, it need not address whether the exercise of personal jurisdiction over Defendant would satisfy the constitutional requirements of due process. See generally Penguin I, 609 F.3d at 35 ("[A]nalysis under Due Process principles is not necessary unless there is long-arm jurisdiction under the applicable state statute.").

also <u>Molchatsky v. United States</u>, 778 F Supp. 2d 421, 438 (S.D.N.Y. 2011) ("A party seeking jurisdictional discovery, like a party seeking other kinds of discovery, bears the burden of showing necessity."), <u>aff'd</u> 713 F.3d 159 (2d Cir. 2013).

Plaintiff requests the opportunity to conduct discovery "to meaningfully examine the contractual relationship between Defendant and residents of the forum state as it relates to the infringement in question." (Pl. Opp. at 15.) While Plaintiff may not be in full possession of the facts relating to the relationship between Inquisitr and Dysleximedia or Miserandino, Plaintiff has utterly failed to provide any factual basis to support the allegations he has made. A plaintiff cannot open the doors to discovery simply by filing a complaint replete with broad, conclusory, allegations about what might be, without providing any factual basis for those allegations or articulating how he came to formulate them. To permit discovery in that situation turns the process on its head and would merely encourage the filing of complaints filled with "guesses" disguised as allegations.

In addition, as to Dysleximedia, further discovery is unnecessary. Jurisdictional discovery is not warranted where defendant "submits an affidavit that provides all the necessary facts and answers all the questions regarding jurisdiction." <u>A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines</u>, 828 F. Supp. 2d 557, 575 (E.D.N.Y. 2011). Defendant has, through Treisman's

sworn affidavit, established that any relationship with Dysleximedia commenced after publication of the Photograph. As discussed supra, the conduct forming the basis of Plaintiff's copyright infringement claim predates Defendant's relationship with Dysleximedia and thus the publication at issue did not arise from any acts by the third-party contractor. Accordingly, discovery into the nature of the relationship between the entities would not assist Plaintiff in establishing jurisdiction.

In an exercise of its discretion, the Court declines to grant Plaintiff's request for jurisdictional discovery.

## CONCLUSION

For the foregoing reasons, Defendant's motion (Mot., ECF No. 19) is GRANTED.  The Clerk of the Court is directed to close the case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August   17  , 2021
       Central Islip, New York